UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA SMITH,

    Plaintiff,

v.                                                                                         Case No:  2:13-cv-379-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

    Defendant.

## OPINION AND ORDER

Plaintiff, Angela Smith, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and Disability Insurance Benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED**, pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.     Social Security Act Eligibility, Procedural History, and Standard of Review**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Procedural History

On October 15, 2010, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, alleging a disability onset date of March 30, 2010. (Tr. 22). Plaintiff's request for benefits was initially denied on November 16, 2010, and upon reconsideration on January 10, 2011. (Tr. 22). An administrative hearing was held before Administrative Law Judge ("ALJ") Larry J. Butler on March 22, 2012, in Fort Myers, Florida. (Tr. 22-64).  On June 15, 2012, the ALJ rendered his decision, in which he determined that Plaintiff was not disabled within the meaning of the Social Security Act from March 23, 2010, through the date of his decision. (Tr. 30).  Plaintiff's Request for Review was denied by the Appeals Council on April 4, 2013. (Tr. 1-3).

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894

F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful activity. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from

performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines (the "Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

## II.     Background Facts and Summary of ALJ's Findings

### A.  Background Facts

Plaintiff was born on December 31, 1968, and was 41 years of age at the time of the alleged onset date. (Tr. 29). Plaintiff has at least a high school education and is able to communicate in English. (Tr. 29). Plaintiff has past relevant work experience as a coffee shop manager and retail supervisor. (Tr. 29).

**B. The ALJ's Findings**

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and had not engaged in substantial gainful activity since March 23, 2010, her alleged onset date. (Tr. 24).

At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the lumbar spine, (2) fibromyalgia, (3) asthma, (4) obesity, and (5) migraine headaches. (Tr. 24). The ALJ addressed Plaintiff's alleged learning disorder, but found that Plaintiff's medically determinable mental impairments failed to cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and were therefore non-severe. (Tr. 25).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Before proceeding to the fourth step, the ALJ made the following residual functional capacity ("RFC") determination:

> After a careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except the work must not involve climbing ropes, ladders and scaffolds. Further, the work must call for no more than occasional crawling, crouching, kneeling, stooping, balancing or climbing or ramps and stairs. Lastly, the claimant must avoid concentrated exposure to workplace hazards, such as moving machinery and unprotected heights.

(Tr. 26-27). Given this RFC, at step four the ALJ found that Plaintiff is unable to perform her past relevant work as a coffee shop manager and retail supervisor. (Tr. 29).

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 29). The ALJ explained that Plaintiff's postural and environmental

limitations have little or no effect on the occupational base of unskilled light work. (Tr. 30). Applying the Grids, the ALJ found that approximately 1,600 sedentary and light occupations can be identified, each of which represents numerous jobs in the national economy and which can be performed after a short demonstration or within 30 days. (Tr. 29-30). Based on these findings, the ALJ concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, from March 23, 2010, through the date of the decision. (Tr. 30).

## III.  Specific Issues on Appeal

In her Memorandum in Opposition to the Commissioner's Decision (Doc. 22), Plaintiff raises two issues: (1) whether the ALJ erred by failing to address Plaintiff's limitations as a result of her severe impairment of migraine headaches, and (2) whether the ALJ erred by mechanically applying the Grids to find the Plaintiff not disabled.

### A.  Whether the ALJ erred by failing to address Plaintiff's limitations as a result of her severe impairment of migraine headaches

According to Plaintiff, although the ALJ discounted Plaintiff's complaints regarding her musculoskeletal symptoms and asthma, he ignored her complaints pertaining to her migraine headaches. (Doc. 22 p. 6). Plaintiff notes that the medical record contains a number of reports regarding Plaintiff's migraine headache condition and that the ALJ found migraine headaches to be a severe limitation. (Doc. 22 p. 6). As the ALJ did not adopt any limitations that could possibly correlate to symptoms from migraine headaches, Plaintiff contends that the ALJ should have explained why he does not accept Plaintiff's testimony as to the disabling limitations these migraines cause. (Doc. 22 p. 6). Plaintiff argues that the ALJ should have set forth in his decision how Plaintiff's migraine headaches would affect her ability to perform work related activities. (Doc. 22 p. 6-7). Plaintiff contends that if the ALJ had determined that Plaintiff's migraine

headaches would have no effect at all, then he would have found the headaches non-severe. (Doc. 22 p. 7).

Defendant responds that Plaintiff's argument that the ALJ did not include certain limitations is based on her own subjective complaints of her symptoms. (Doc. 23 p. 10). Citing to *Werner v. Comm'r of Soc. Sec.,* 421 F. App'x 935 (11th Cir. 2011) (per curiam), Defendant argues that the question is not whether the ALJ could have reasonably credited Plaintiff's testimony, but whether the ALJ was clearly wrong to discredit it. (Doc. 23 p. 10). Defendant argues that the ALJ's credibility findings were both explicit and supported by citation to specific evidence that provided a reasonable basis for partially rejecting Plaintiff's testimony. (Doc. 23 p. 11).

To the extent that Plaintiff argues that the ALJ erred by failing to find RFC limitations due to his step two finding that Plaintiff has the severe impairment of migraine headaches, the Court finds that this argument is without merit. At step two, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520, 416.920. According to the Eleventh Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). "An impairment may meet this minimal definition of severity without materially affecting the claimant's RFC." *Davis v. Comm'r of Soc. Sec.,* 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013). Here, the Court finds no inconsistency between the ALJ's step two findings and his ultimate RFC determination. However, although there is no inconsistency between the ALJ's step two findings and his RFC determination, it must still be determined whether the ALJ

erred by failing to adequately articulate his reasons for discrediting Plaintiff's subjective complaints of headaches in his credibility assessment.

The agency's regulations provide that statements about pain and other symptoms must be supported by medical signs or laboratory findings in order to be considered credible. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). The Eleventh Circuit has articulated a test for determining disability on the basis of testimony of pain or other symptoms. In order for such testimony to be considered credible, the Plaintiff must provide evidence of "an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1210, 1215 (11th Cir. 1991). If an ALJ "refuses to credit such testimony, he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir. 1987). Such explicit and adequate reasons must be supported by substantial evidence. *Id.* at 1012. The Eleventh Circuit has held that "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561(11th Cir. 1995).

At the administrative hearing, Plaintiff testified that she experiences migraine headaches "three to four times a week." (Tr. 48). Plaintiff testified that these migraines force her to isolate herself in a dark room with no noise or smells. (Tr. 49). Plaintiff described that her migraines come from her neck and can be caused by smells that her body does not like. (Tr. 48). Additionally, Plaintiff's medical records indicate a lengthy treatment history for migraine headaches. (Tr. 186, 188, 210, 212, 213, 325, 336, 347, 410). Given that Plaintiff's subjective

complaints are backed up by the record medical evidence, the Court finds that the Eleventh Circuit pains standard is satisfied as to Plaintiff's migraines.

In his opinion, addressing the Plaintiff's subjective complaints in general, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . ." (Tr. 28).  Thus, the ALJ found that Plaintiff satisfied the pain standard. *See Leisure v. Comm'r of Soc. Sec.,* 2011 WL 899552, at *4 (M.D. Fla. Mar. 15, 2011). The ALJ, however, also determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity (RFC) assessment." (Tr. 28).

In analyzing Plaintiff's credibility, the ALJ found that the objective medical evidence fails to support the full extent of Plaintiff's contentions regarding her "longstanding complaints of myofascial pain and multifocal muscle spasms, particularly in her neck and back, along with headaches and radiculopathic numbness in her extremities." (Tr. 27).  The ALJ noted that upon neurological referral to Dr. Kandel in November 2009, a nerve conduction study revealed motor functioning and sensation within normal limits. (Tr. 27).  The ALJ acknowledged that Plaintiff did exhibit evidence of cervical and lumbar radiculopathy, but only to a moderate degree. (Tr. 28).  The ALJ also noted that thereafter, following conservative treatment recommendations with medication and a TENS unit, Dr. Kandel repeatedly labeled Plaintiff's neurovascular exam as unchanged and found her to be in no acute distress. (Tr. 27). The ALJ also noted that Dr. Kandel found Plaintiff's sensation, reflexes, and coordination unchanged during serial examination in early 2010 while maintaining a conservative course of treatment, adding only Botox injections, from which she claimed significant relief. (Tr. 27).  The ALJ noted that Plaintiff's improvement continued and by March 2010, a second electromyography and nerve conduction study was

completely normal. (Tr. 27). The ALJ noted that Plaintiff reported to Dr. Fernando that her left hip felt better and that Plaintiff's treating physician, Dr. Scafuri, recorded that Plaintiff's had a normal gait, muscle strength, sensation, reflexes, and motor functioning. (Tr. 27-28). As to Plaintiff's alleged symptoms of asthma, the ALJ noted that as early as January 2009, Dr. Montgomery found her lungs clear with no wheezing, as did Dr. Fernando. (Tr. 28). Dr. Scafuri recorded her oxygen saturation at 97%, reflecting proper blood oxygenation, and her asthma, like her pain, has been treated and controlled throughout the medical evidence with conservative treatment. (Tr. 28). Next the ALJ turned his attention to Plaintiff's physical impairments, and noted that "the consistent and unified medical evidence from multiple medical sources undercuts the claimant's subjective allegations of greater physical limitations." (Tr. 28).

Upon review of the ALJ's decision, the Court finds that the ALJ erred by failing to adequately explain his credibility finding pertaining to Plaintiff's subjective complaints of migraine headaches. Although the ALJ specified that he was cognizant of Plaintiff's headaches, the ALJ failed to adequately articulate his reasons for according Plaintiff's complaints of headaches not entirely credible. The record evidence to which the ALJ cited in his credibility analysis addressed Plaintiff's subjective complaints of diffuse physical pain and asthma, not Plaintiff's headaches. The reasons an ALJ gives for not crediting a claimant's subjective testimony must be supported by substantial evidence and take into account and evaluate the record as a whole. *Kaschk v. Colvin,* 2014 WL 222021, at *4 (M.D. Fla. Jan. 21, 2014) (citing *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986)). In this case, the ALJ failed to address Plaintiff's testimony concerning the debilitating effects of her migraine headaches and failed to articulate adequate reasons for doing so. Given this error, the Court finds it appropriate to remand

this case to the ALJ with instructions to complete a credibility assessment as to Plaintiff's severe impairment of migraine headaches.

> **B. Whether the ALJ erred by mechanically applying the Grids to find the Plaintiff not disabled.**

As the ALJ's credibility assessment of Plaintiff's migraine headaches may affect his RFC determination and step five finding, the Court will not address whether the ALJ erred in his step five analysis by mechanically applying the Grids at this time.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence. The decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to complete a credibility assessment as to Plaintiff's severe impairment of migraine headaches. The Clerk of Court is directed to enter Judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties